No. 86–5098. JACKSON *v.* UNITED STATES. C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

In *Chimel* v. *California*, 395 U. S. 752 (1969), the Court held that the valid arrest of a person in a residence does not give the police an automatic right to search the remainder of the house without a warrant. Some Courts of Appeals permit a warrantless "protective sweep" of the remainder of the premises if the arresting officers reasonably believe that there are other persons on the premises who could pose a danger to the officers' safety. See *United States* v. *Hatcher*, 680 F. 2d 438, 444 (CA6 1982); *United States* v. *Kolodziej*, 706 F. 2d 590, 596–597 (CA5 1983). Other Courts of Appeals, including the Court of Appeals for the Second Circuit in this case, permit protective sweeps if there is a likelihood that another person may be on the premises who may destroy evidence. See also *United States* v. *Vasquez*, 638 F. 2d 507 (CA2 1980), cert. denied, 454 U. S. 975 (1981). Almost all of the Courts of Appeals have struggled to define the circumstances under which such searches are permissible. See *United States* v. *Gardner*, 627 F. 2d 906, 910, n. 3 (CA9 1980).

The Court of Appeals for the Second Circuit in this case expressly recognized that its approach, allowing a protective sweep when the police only suspect that another person on the premises

may destroy evidence, conflicted with the more stringent safety-based approach adopted by other Courts of Appeals. 778 F. 2d 933, 937 (1985). In light of these differing approaches and in light of the decision in *Chimel* v. *California,* see *Vasquez* v. *United States,* 454 U. S., at 987 (BRENNAN, J., dissenting from denial of certiorari), certiorari should be granted to deal with this important and recurring issue of Fourth Amendment law.